

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2003

# USA v. Sonowo

Precedential or Non-Precedential: Non-Precedential

Docket 02-2197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Sonowo" (2003). *2003 Decisions.* Paper 734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-2197

UNITED STATES OF AMERICA

v.

HENRY SONOWO
a/k/a SONOWO BABATUNDE HENRY
a/k/a KAREEM BELLO

Henry Sonowo,
                                        Appellant

On Appeal from the United States District Court
for District of Delaware
(D.C. Crim. No. 00-cr-00067-1)
District Judge:  Hon. Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2003

Before:  SLOVITER, NYGAARD, and ALARCÓN*, Circuit Judges

(Filed: March 18, 2003)

OPINION OF THE COURT

---

*       Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth
        Circuit, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

## I.

Appellant Henry Sonowo comes before us with a laundry list of claims challenging his conviction and sentence. Specifically, Sonowo argues that the District Court lacked subject matter jurisdiction to adjudicate his case, the Government breached the plea agreement, the District Court violated Sonowo's due process rights when it rejected the terms of the plea agreement, the District Court violated Federal Rule of Criminal Procedure 32(c), and the District Court erred in enhancing and upwardly departing Sonowo's sentence.

Sonowo's claims are without merit. Accordingly, we will not disturb his conviction and sentence.

## II.

Because we write solely for the parties, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

Sonowo was one of several persons indicted for involvement in a fraudulent scheme, known as the "black money" scheme. Sonowo and his cohorts tricked a number of persons in the United States into sending them funds that were to be used to purchase a special cleaning chemical that would be used to clean U.S. currency previously stamped with the letters "CBN" (Central Bank of Nigeria) in black ink. In turn, the cleaned money allegedly was to be used to set up churches.

On April 13, 2001, Sonowo pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Sonowo elected to represent himself during the sentencing hearing. The District Court, <u>sua</u> <u>sponte</u>, upwardly departed three levels, determining that the sentencing enhancements pursuant to the United States Sentencing Guidelines § 2F1.1 were appropriate because of the amount of loss, misrepresentation of affiliation with a religious organization, and conduct outside the United States. Sonowo was sentenced to sixty months imprisonment to be followed by three years supervised release and ordered him to pay $355,000 in restitution and a $100 special assessment. Sonowo timely appealed and is acting pro se on this appeal.

### III.

In the first of his numerous claims, Sonowo challenges the District Court's subject matter jurisdiction by arguing that he was convicted of a different charge than that charged in the indictment. Nothing in the record supports this argument. Thus we reject Sonowo's contention that the District Court lacked subject matter jurisdiction.

Sonowo next argues that the Government breached the plea agreement by "advocating in favor of justification for other enhancements and upward departures" that were not contained in the memorandum of the plea agreement. Appellant's Br. at 12. In relevant part, the plea agreement stated that aside from an enhancement pursuant to U.S.S.G. § 2F1.1(b)(1)(2) for more than minimal planning, the Government would not seek any other enhancements or departures from the Guidelines. The record shows that the Government kept its promise. The Government wrote an objection letter after noting that

3

the presentence report proposed two enhancements.  When asked about enhancements during the sentencing hearing, the Government stated:  "[W]e've agreed that enhancement does not apply."  Supp. App. at 147.  Finally, when the District Court raised the issue of enhancement sua sponte, the Government again filed a written opposition.  Based on the record before us, it is clear the Government did not breach the plea agreement.

In his third claim, Sonowo argues that the District Court violated his due process rights when it rejected the terms of the plea agreement.  The plea agreement states that the Government would not seek additional enhancements or departures, and as noted above, the Government adhered to that agreement.  The plea agreement does not state that the court would not apply enhancements or departures, nor could it bind the court.  Even Sonowo concedes that the court cautioned him that the terms of the plea agreement are mere recommendations that the court may reject.  Sonowo further invokes Federal Rule of Criminal Procedure 11(e)(1)(C) to support his argument; however, that rule binds the court to plea agreements only after the agreement "is accepted by the court."  Accordingly, we reject Sonowo's claim as we fail to see how the District Court had "accepted" the plea agreement.

Sonowo next argues that the District Court failed to comply with Federal Rule of Criminal Procedure 32(c) in making its factual findings.  Specifically, Sonowo contends that the District Court violated Rule 32(c) by overruling his objections to its adoption of the Presentence Report ("PSR") and by using an "incoherent factual basis that Sonowo himself was not made aware of its specific facts or evidence for his colorable objections."

4

Appellant's Br. at 19. It is clear from the record that the District Court provided Sonowo with ample opportunity to object to the facts from the PSR and heard argument from both parties when Sonowo objected. Furthermore, Sonowo was provided with copies of the law enforcement reports that formed the basis of the PSR. As such, we reject Sonowo's claims that the District Court violated Federal Rule of Criminal Procedure 32(c) and that he was not aware of the evidence supporting the PSR.

Sonowo's final claims center around the sentencing enhancements and upward departures made by the District Court. First, Sonowo argues that the District Court erred in enhancing his sentence pursuant to U.S.S.G. § 2F1.1(b)(4)(A), which provides a two level increase if the offense involved "a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." Sonowo contends that it was Hughes-Irabor, his co-conspirator, and not he, who made misrepresentations. United States Sentencing Guideline §1B1.3(a)(1)(B) allows the sentencing court to consider reasonably foreseeable acts of others in furtherance of a jointly criminal activity. The District Court concluded that "given the close working relationship the two shared, it should have been completely foreseeable to Sonowo that Hughes-Irabor would use any means necessary to persuade potential victims, including telling them that he represented a religious organization." AA6 at 18. The District Court did not err in so finding and enhancing Sonowo's sentence accordingly.

Sonowo next argues that the District Court erred in enhancing his sentence pursuant to U.S.S.G. § 2F1.1(b)(5), which provides for an enhancement where a "substantial part" of

the offense was either committed outside of the United States or the offense involved sophisticated means. Sonowo claims that the District Court had no evidence of overseas involvement. Again, we reject Sonowo's argument as there was ample evidence of activity performed outside of the United States. Among other things, at least two of the victims wired money overseas, Sonowo transferred funds to suspected co-conspirators in other countries, and three of the victims were induced to travel abroad.

Sonowo also challenges the District Court's decision to upwardly depart sua sponte pursuant to U.S.S.G. §§ 2F1.1, app. n.11 and 5K2.0. Pursuant to these sections, if there are factors that take the offense outside the "heartland," the District Court may depart upward. The District Court upwardly departed after noting the "unusual" degree of harm to the victims, the "sheer number" of victims, the potential use of "mass-marketing" in soliciting victims, and the duration and "extensive" planning and execution of the scheme. AA6 at 24-27. Based on these factors and the evidence supporting them, we find that it was reasonable for the District Court to upwardly depart.

Finally, where, as here, the District Court understood its authority to downwardly depart but chose not to do so, we lack jurisdiction to review its decision. See United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1990). Accordingly, we do not consider Sonowo's claim that the District Court erred in its decision not to depart downward.

**IV.**

For the foregoing reasons, we will affirm Sonowo's conviction and sentence.

_____

6

TO THE CLERK:

Please file the foregoing opinion.

  /s/ Dolores K. Sloviter
Circuit Judge